CV 12-5192

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
JEFFREY DERISSE

                                        Plaintiffs,                    **COMPLAINT**
                                                                       JURY TRIAL DEMANDED
            - against -                           GARAUFIS, J.

THE CITY OF NEW YORK P.O. JOHN DOES 1-10, the        GO, M.J.
name "Doe" being fictitious and intended to represent those
police officers involved in the use of unlawful search and
seizure and false imprisonment of Plaintiff

                                        Defendants.
--------------------------------------------------------------------------X

*[filing stamp: U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK 2012 OCT 16 PM 4: FILED CLERK]*

            Plaintiff, by his attorneys, MANGAN GINSBERG LLP, for his complaint against the

Defendants, alleges, at all times material herein, that:

## SUMMARY OF THE ACTION

1)    Plaintiff JEFFREY DERISSE brings this civil rights action for false arrest, malicious

      prosecution, and municipal liability under 42 U.S.C. § 1983, against the City of New

      York and defendant NYPD Police Officers for their conduct when on February 9, 2012,

      Mr. Derisse was falsely arrested and falsely charged with possession of a firearm. Mr.

      Derisse was incarcerated at Rikers Island until February 15, 2012 when the charges were

      presented to a Grand Jury in Kings County, that returned a no true bill, dismissing the

      case against him. As a result of the false arrest and prosecution, Mr. Derisse was

      imprisoned on Riker's Island for six days.

## VENUE AND JURISDICTION

2)    This Action is brought pursuant to 42 U.S.C § 1983 and 1988, and the Fourth and

      Fourteenth Amendments to the United States Constitution.

3)    Jurisdiction is founded on the existence of a federal question under 28 U.S.C. § 1331, and

a question arising under an Act of Congress, U.S.C., Title 42, Sec. 1983, as hereinafter more fully appears.

4)   The amount in controversy exceeds $75,000.00 excluding interest and costs.

5)   Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which the claim arose.

## PARTIES

6)   Plaintiff JEFFREY DERISSE is a resident of the State of New York, County of Kings at all relevant times herein, and of the United States of America, and is an African American.

7)   Defendant CITY OF NEW YORK (the "City") is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New York and was the employer of the Defendant agents and officers.

8)   Defendants John Doe Police Officers are New York City Police Officers and employees of the City, who acted under color of law and within the scope of their employment when they falsely arrested and maliciously prosecuted the Plaintiff.

## FACTS

9)   On February 9, 2012, at or about 7:00 pm, Plaintiff exited his home located at 1809 Beverly Road, Brooklyn, NY and was walking down the street, when he was stopped by the Police at or about 1901 Beverly Road.

10)  The defendant police officers proceeded to illegally seize and search Plaintiff, without probable cause.

11)  Though the defendant was charged with unlawful possession of a firearm, no weapon was found on Plaintiff's person or near him, nor was there any reason for the defendant police to believe that defendant was in possession of a firearm.

12)  Notwithstanding the foregoing, Plaintiff was arrested, brought to the 70th precinct, processed, and transferred to Central Booking.

2

13) Plaintiff was arraigned on February 10, 2012.

14) On February 15, 2012, Plaintiff's case was presented to a grand jury in Kings County.

15) The grand jury returned a "No True Bill." The case was dismissed and sealed.

16) The statements made against Plaintiff in support of the charges brought by the defendant Police Officers were false and made maliciously against the Plaintiff.

17) During the period of time in which the charges were pending, Plaintiff suffered anxiety, humiliation, tension and stress.

### AS FOR A FIRST CAUSE OF ACTION
(False Arrest and Unlawful Search and Seizure
Under the 4th Amendment, 14th Amendment
42 U.S.C. § 1983)

18) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

19) Plaintiff was falsely and unlawfully arrested, imprisoned, detained, searched and deprived of his liberty against his will.

20) Defendants violated the protections guaranteed to Plaintiff as a citizen of the United States by arresting, detaining, imprisoning him without probable cause.

21) Defendants committed these false and unlawful arrests, imprisonments, detentions, searches and deprivations of liberty while knowing that they did not have probable cause, knowing that these acts were unlawful and knowing that these acts were without justification and defendants engaged in these acts to intentionally violate the plaintiff's rights, privileges and immunities secured by the United States Constitution, or engaged in these acts with reckless disregard to the plaintiff' rights, privileges and immunities secured by the United States Constitution.

22) All Defendants acted under color of law.

23) Defendants apprehended Plaintiff based upon racial profiling and/or because of other improper reasons.

24) The City of New York violated protections guaranteed to plaintiff as a citizen of the

3

United States by maintaining a policy or practice to deny citizens their constitutional protections without due process and/or on the basis of their race.

25)    The City of New York violated protections guaranteed to Plaintiff as a citizen of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who arrested, detained, imprisoned and humiliated Plaintiff.

26)    All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

### AND AS FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution Under the 4th Amendment,
14th Amendment, 42 U.S.C. § 1983)

27)    Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

28)    Plaintiff was maliciously charged and prosecuted on allegations that the defendants knew to be false or groundless, and learned that the information proved to be false and groundless.

29)    Defendants continued to prosecute the Plaintiff despite their knowledge that the charges were baseless and false.

30)    The charges against the Plaintiff were dismissed and Plaintiff was given a favorable disposition.

31)    All defendants acted under color of law.

32)    All Defendants intentionally and recklessly deprived plaintiff of his rights, privileges and immunities secured by the United States Constitution, and prosecuted Plaintiff maliciously.

33)    All Defendants intentionally and recklessly deprived plaintiffs of his rights, privileges and immunities secured under the laws of the State of New York.

34)    The Defendants knew that they had no probable cause to charge the Plaintiff, yet continued to prosecute the Plaintiff out of malice towards him.

4

35)   The City has known of the propensity of its police officers to make false arrests without probable cause, and to charge citizens on baseless and false allegations, yet has failed to properly train and supervise its police officers in the face of these known violations of federally protected rights and privileges. The City's failure to train and failure to supervise the defendant officers caused the Plaintiff's constitutional injury.

36)   All Defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983, and violated the laws of the State of New York.

## AND AS FOR A THIRD CAUSE OF ACTION

(Defendant City of New York's Negligent Hiring,
Supervision, Training and Failure to Discipline)

37)   Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

38)   The City of New York knows of the likelihood that its police officers make false arrests without probable cause, knows that its police officer employees have the propensity to falsely charge and maliciously prosecute its citizens, know that its police officers have the propensity to defame its citizens, but has failed to protect citizens from this conduct by negligently hiring, failing to properly screen candidates for employment, failing to train, failing to supervise and failing discipline its police officers.

39)   As a result, Plaintiff was falsely arrested, illegally searched, and was otherwise injured to his body and his mind.

40)   Plaintiff was injured due to the failure of the City of New York, through the NYPD, to properly hire, screen, train, supervise and discipline its officers, including the defendant officers.

41)   The City of New York is liable to the plaintiff for their injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining.

## AND AS FOR A FOURTH CAUSE OF ACTION

(The City of New York is liable under *Monell* for Maintaining
Unconstitutional Policies and Practices including, but not limited to
Failing to Adequately Train and Supervise Police Officers.)

42)    Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

43)    The City of New York, through the New York City Police Department, maintains a
policy that its police officers should circumvent the privileges and immunities conferred
upon its citizens by the United States Constitution, and specifically, the Fourth
Amendment, by encouraging police officers to make unlawful arrests without probable
cause, and to file and maintain false charges against its citizenry.

44)    The City has known of the likelihood that its police officers make arrests based on racial
profiling or by other error, has known their propensity towards arresting on baseless
charges, but has failed to protect citizens from these unlawful acts by failing to properly
and sufficiently train, discipline, supervise and negligently hire its police officers.

45)    Not only does the City know of its officers to make these false arrests, and to maintain
false charges, but it encourages its officers to do so as a "cost of doing business" by
living in certain areas within New York City.  Unfortunately, most of these areas are poor
areas, where the citizens do not have mobility or the same availability of choices to live
somewhere else.

46)    As a result of the City's policy to make discriminatory stops, arrests and to falsely
prosecute persons of African American descent, Plaintiff was falsely arrested.

47)    The City of New York is liable to the plaintiff for their injuries sustained as a result of
negligent hiring, screening, training, supervision and disciplining and the policies of the
City of New York.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment and prays for the following relief, jointly
and severally, against the Defendants:

6

(a)    In favor of plaintiffs in the amount of Five Hundred Thousand ($500,000)

Dollars;

(b)    Punitive damages in the amount of Five Hundred Thousand ($500,000) dollars;

(c)    reasonable attorney's fees and the costs of litigation of this action pursuant to 42

U.S.C. § 1988;  and

(d)    such other and further relief as to this Court seems just and proper.

Dated: New York, New York
      October 16, 2012                    Respectfully Submitted,

**MANGAN GINSBERG LLP**

By: Michael P. Mangan (MM-5773)
*Attorneys for Plaintiff*
160 Pearl Street, Suite 610
New York, New York 10005
Phone (212) 248-2171

7