```
                    United States District Court
                    Eastern District of New York
```

## MINUTE ORDER
### 12cv5192 (NGG)(MDG) Derisse v. City of New York, et al.,

This order addresses the defendant City of New York's letter motion dated July 27, 2013 (ct. doc. 16) to compel plaintiff to provide a release for records of prior arrests, incarcerations and prosecutions that have been sealed pursuant to N.Y. C.P.L. § 160.50 and for an extension of time to complete discovery.

Plaintiff brings this section 1983 action asserting claims for false arrest and malicious prosecution. According to the allegations in the complaint, plaintiff's incarceration and prosecution caused him "anxiety, humiliation, tension and stress" for which he seeks damages. Compl. ¶ 17. In response to the City's interrogatories requesting that plaintiff identify each occasion that he has been arrested and for an authorization for release of his arrest, incarceration and prosecution records sealed pursuant to C.P.L. § 160.50, plaintiff objected on the grounds of relevance and has refused to provide such a release. Under C.P.L. § 160.50, records relating to an "action [that] has been terminated in favor of the accused . . . shall be sealed." C.P.L. § 160.50.

The City correctly argues that records of plaintiff's prior arrests, incarcerations and prosecutions may lead to the discovery of admissible evidence concerning his claim for damages for emotional distress. See Duncan v. City of New York, 2013 U.S. Dist. LEXIS 11162, at *2 (E.D.N.Y. 2013); Wisdom v. Undercover Police Officer No. C0127, 879 F. Supp.2d 339, 342 (E.D.N.Y. 2012); Nibbs v.

Goulart, 822 F. Supp.2d 339, 344-45 (S.D.N.Y. 2011); Cicero v. City of New York, 2011 WL 3099898, at *3-*5 (E.D.N.Y. 2011). This is because "[a] plaintiff who has previously been incarcerated 'may suffer less damage as a result of a subsequent wrongful incarceration.'" Cicero, 2011 WL 3099898, at *4 (quoting Green v. Baca, 226 F.R.D. 624, 657 (C.D. Cal. 2005)). Damages based on loss of liberty for which prior arrest history is not relevant are separate and different from emotional damages. See Kerman v. City of New York, 374 F.3d 93, 125 (2d Cir. 2004). While the information sought be defendant is discoverable, whether the records may be admissible is a separate matter that will ultimately be resolved by the trial judge.[1]

For the foregoing reasons, defendant's motion to compel is granted. Plaintiff must provide the requested release by August 19, 2013. Discovery is extended to September 30, 2013.

The next conference is adjourned to October 2, 2013 at 10:30 a.m.

**SO ORDERED.**

Dated:   Brooklyn, New York
         August 13, 2013

                                        /s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff, in his opposition, misquotes the Honorable Tucker L. Melancon as stating that defendant "may not ask about the date and duration of incarceration." Ct. doc. 17 at 1 (emphasis added) (quoting Edwards v. City of New York, 2011 WL 2748665 (E.D.N.Y. 2011)). In fact, Judge Melancon wrote that at trial, defendant "may only ask about the date and duration of incarceration." Id. at *4 (emphasis added).